# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 14, 2005

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 05-13561-B**
Case Style: In Re: Fitzroy F. Francis
District Court Number:

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Carolyn Magers (404) 335-6181

Encl.



OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FL
TALLAHASSEE, FLA.

05 JUL 18 PM 4: 36

RECEIVED

DIS-4 (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO. 05-13561-B

IN RE: FITZROY F. FRANCIS,

Petitioner.

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 14 2005
THOMAS K. KAHN
CLERK

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before    CARNES, HULL, and WILSON, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Fitzroy F. Francis has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Francis asserts that his claims rely upon a new rule of constitutional law and upon newly discovered evidence. First, the district court erred when it sentenced him based on a drug quantity that was neither admitted by Francis, contained in the indictment, nor found by the jury beyond a reasonable doubt, in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Next, Francis contends that the district court committed further error when it sentenced him in accordance with a mandatory, rather than advisory, guidelines scheme. In anticipation of our analysis of his successive application, Francis submits that both Booker and Blakely apply retroactively to cases on collateral review.

As an initial matter, while Francis alleges that his claims rely upon both a new rule of constitutional law, and upon newly discovered evidence, it is apparent that they only rest upon the former, as he makes no reference to any type of potentially exculpatory evidence, but instead complains of the same Fifth and Sixth Amendment violations Blakely and Booker squarely address. Thus, we address his application accordingly.

In Blakely, the Supreme Court held that the imposition of a sentencing enhancement based upon facts neither admitted by the defendant nor found by the jury, under the state of Washington's mandatory guidelines system, violated the defendant's Sixth Amendment right to a jury trial. Blakely, 124 S.Ct. at 2534-38. In Booker, the Supreme Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. Booker, 125 S.Ct. at 749 (opinion of Stevens, J.). Thus, the Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's

2

guarantee to the right to a jury trial. Booker, 125 S.Ct. at 764-68 (opinion of Breyer, J.). Extending its holding in Blakely to the Sentencing Guidelines, the Court explicitly reaffirmed its rationale in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756 (opinion of Stevens, J.).

For a new rule of constitutional law to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). It is not enough that this Court retroactively applies a new rule of constitutional law or that a new rule of constitutional law satisfies the criteria for retroactive application set forth by the Supreme Court in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000). Additionally, the Supreme Court does not make a rule retroactive through dictum. Tyler, 533 U.S. at 663 n.4, 121 S.Ct. at 2482 n.4. Multiple cases can, together, make a rule retroactive, but only if the holdings in those cases necessarily dictate retroactivity of the new rule. Id. at 666, 121 S.Ct. at 2484.

In In re Anderson, 396 F.3d 1336 (11th Cir. 2005), we held that Booker does not apply retroactively in the context of a successive § 2255 motion to vacate, as a case under these circumstances would already be final on direct review. Anderson, 396 F.3d at 1340. Moreover, we recently declined to apply Booker retroactively when reviewing the denial of a federal prisoner's initial § 2255 motion. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). As Francis has filed for leave to file a second § 2255 motion based on Booker claims, his argument is foreclosed

3

by this Court's ruling in Anderson.  Anderson, 396 F.3d at 1340.

Accordingly, because Francis has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.